UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**MONICA COLLIER,** an individual,
and on behalf of all others similarly situated,

    Plaintiff,

v.

**VITALE'S PIZZERIA OF HUDSONVILLE, LLC,**
**MAURIZIO LOGIUDICE,** an individual, and
**MANDY TITHOF,** an individual,
jointly and severally,

    Defendants.

Case No.
Hon.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
Grand Rapids, MI 49503
(616) 257-6807
ralvarez@avantilaw.com
_____/

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

NOW COMES the Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in her Complaint states as follows:

1. This is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), who worked for Defendants during the last three years or more, performing general labor in the State of Michigan. Plaintiffs complain that Defendants failed to pay them the overtime compensation to which they were entitled under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

2. Named Plaintiff is similarly situated with all employees who worked or are working for Defendants and were paid on straight time for all hours over forty (40).

3. Defendants violated the FLSA by failing to pay its employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires that non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

4. Named Plaintiff is an employee who is entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated and other compensation that is prescribed by law.

5. Plaintiff seeks a declaration that her rights, and those of the others similarly situated, have been violated, an award of unpaid wages, an award of liquidated damages, and an award of attorney fees and costs to make her whole for damages they have suffered. At the earliest time possible, Plaintiff seeks permission to send a Court-authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members, as defined below.

6. Defendants, likewise, have not and do not pay the overtime rate to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover unpaid overtime compensation owed to herself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

**PARTIES**

*<u>Plaintiff Monica Collier</u>*

7. Plaintiff Monica Collier is a resident of the County of Ottawa, state of Michigan, whose consent to sue is attached hereto as Exhibit A.

8. Named Plaintiff brings this action on behalf of all current and former persons who were, are, or will be employed by Defendants throughout the state of Michigan at any time within at least, but not limited to, the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive the minimum wage for all hours worked and/or overtime compensation, or other proper wages due.

*<u>Defendant Vitale's Pizzeria of Hudsonville, LLC</u>*

9. Defendant Vitale's Pizzeria of Hudsonville, LLC, (hereinafter referred to as "Vitale's") is a Michigan Corporation whose principal place of business is located at 5779 Balsam Dr., Hudsonville, Michigan 49426. *Exhibit B, LARA Entity Search.*

10. Upon information or belief Defendant Maurizio LoGiudice (hereinafter referred to as "Maurizio") has owned and operated Defendant Vitale's since at least 2002.

11. Defendant Vitale's is an italian restaurant serving pizza, pasta, and other such italian cuisine.

### *Defendant Maurizio LoGiudice*

12. Defendant Maurizio is the owner of Defendant Vitale's, and is responsible for the day to day operations of Defendant Vitale's.

13. Defendant Maurizio was one of the direct supervisors of Plaintiff throughout her employment with Defendants.

14. Defendant Maurizio was and is responsible for the hiring, disciplining, and termination of employees.

15. Defendant Maurizio set the wage rates for the Plaintiff and others similarly situated.

16. Defendant Maurizio made decisions regarding how and when Plaintiff and others similarly situated were compensated including whether or not to pay the required overtime premium for all hours worked over forty (40) hours per week.

17. Defendant Maurizio supervised Plaintiff and others similarly situated.

18. Defendant Maurizio gave instructions and direction to the Plaintiff as well as others similarly situated.

19. Defendant Maurizio would give the employees payment in cash for hours worked over forty (40) in a work week.

### *Defendant Mandy Tithof*

20. Defendant Mandy Tithof (hereinafter referred to as "Mandy") is the general manager of Defendant Vitale's. Mandy was responsible for payroll, maintaining record of hours worked, and calculating cash payments to Plaintiff and Class Members.

21. Defendant Mandy was also Plaintiff's supervisor for her duration as an employee.

22. Defendant Mandy was in charge of paying the employees.

23. Defendant Mandy would give the employees payment in cash for hours worked over forty (40) in a work week.

24. Defendant Mandy would pay Plaintiff and other similarly situated by check for hours worked under forty (40) and cash for hours worked over forty (40).

25. Defendant Mandy has access to the POS system used by Defendant Vitale's, has the authority to make changes or deletions to time entries, and did make changes or deletions to Plaintiffs' time entries.

26. Defendant Mandy had authority to set Plaintiff's schedule.

27. Defendant Mandy had authority over schedules for other similarly situated employees.

## COVERAGE

28. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

29. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

30. At all material times, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

31. Plaintiff was engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

32. Defendant Vitale's ordered food, supplies, and equipment from vendors located out of state.

33. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

34. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

35. Defendants provided training to Plaintiff and Class Members, controlled and had knowledge of the hours to be worked by Plaintiff and Class Members, directed the work of Plaintiff and Class Members and set the compensation received by each.

## JURISDICTION AND VENUE

36. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

37. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

38. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## GENERAL ALLEGATIONS

39. Plaintiff worked for Defendants Vitale's Pizzeria of Hudsonville, Maurizio LoGiudice, and Mandy Tithof from July 2011 until October 2017.

40. Plaintiff stopped working for Defendants on or around October 2017.

41. Plaintiff was hired by Defendant Mandy on or around July 2011 as a server.

42. Throughout her employment, Plaintiff had many duties that included but were not limited to waiting tables, running food, taking orders, making drinks, serving customers, cashiering, making sure customers were satisfied, washed dishes, and completed other duties when assistance was needed.

43. Plaintiff was employed to perform general labor in the restaurant for the Defendants.

44. Plaintiff was typically scheduled for an average of sixty three (63) hours per week, not including shifts that she was called in for.

45. Plaintiff was usually called in to work for an additional shift or two per work week.

46. At the beginning of her employment, Plaintiff was to be compensated at a rate of $5 per hour.

47. At the end of her employment, Plaintiff was being compensated at a rate of $15 per hour.

48. Plaintiff and others similarly situated would be paid straight time for hours worked over forty (40) hours per work week via cash.

49. Plaintiff Monica was never paid an overtime premium for any hours in excess of forty (40) hours worked in a work week.

50. Other similarly situated workers were also only paid straight time for all hours worked.

51. Neither Plaintiff nor others similarly situated, were paid an overtime rate of time and one-half of their regular rate for any hours worked in excess of (40) forty hours in a work week during their employment.

52. Defendant Maurizio told Plaintiff and other workers that he does not pay an overtime premium for any hours worked in excess of forty (40) hours per week.

53. Defendant Maurizio told Plaintiff that he did not pay overtime because Defendant Vitale's was a small business.

54. Defendants Maurizio and Mandy were and are responsible for the day to day operation of Defendant Vitale's and were directly involved in the decisions regarding the recruitment, hiring, work duties, scheduling and compensation of Plaintiff and others similarly situated.

55. Defendant Maurizio was and is responsible for the implementation and enforcement of company wide policies and practices.

56. Defendants Maurizio and Mandy would issue the workers their payroll checks and pay them in cash.

57. Defendant Mandy transferred hours from the POS system to the payroll provider.

58. Upon information and belief Defendant Mandy reported only forty (40) hours to Defendant Vitale's payroll.

59. During the period of the parties' employment relationship, Defendants failed to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

60. It was and is Defendants' company wide policy and practice not to compensate Plaintiff, and those similarly situated, time and one half for all hours worked over forty (40) in a single workweek.

61. As a result of Defendants' company wide employment policy, Plaintiff and others similarly situated were not compensated for all hours worked at the appropriate rate per workweek during their period of employment.

62. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

63. Defendants did not compensate the Plaintiff at a rate of one and one-half times her regular hourly rate for time worked over forty (40) hours per week as required by the FLSA.

64. Defendants failed to deduct any withholdings from the cash payments made to the Plaintiff and others similarly situated for the overtime hours recorded.

65. Defendants failed to pay any of the employer obligated withholdings to the IRS for the cash payments made to the Plaintiff and others similarly situated for the overtime hours.

66. The above allegations apply equally to the Class Members.

## WILLFUL VIOLATIONS OF THE FLSA IN SUPPORT OF TOLLING BEYOND THE TWO (2) AND THREE (3) YEAR STATUTE OF LIMITATIONS

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and class members at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff and class members.

68. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

69. Defendants Maurizio told their employees that they do not pay an overtime premium for any hours worked in excess of forty (40) per week.

70. Defendants would pay Plaintiff and others similarly situated cash for hours worked over forty (40) hours per work week.

71. Defendants utilized their business and the practice of paying their employees in cash for those overtime hours to subvert their obligations under state and federal law including their obligations to pay income tax withholdings.

72. Defendants knew or should have known that the company wide policy and practice was in violation of the FLSA.

73. Defendants actively misled Plaintiff and others similarly situated as to their right to receive overtime pay as required under the FLSA throughout their employment.

74. Defendants actively misrepresented to Plaintiff and others similarly that they were not entitled to receive overtime pay as required under the FLSA.

75. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, employees are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

76. Equitable tolling is read into every federal statute including the FLSA. *Holmberg v. Armbrecht,* 327 U.S. 392, 397.

77. Plaintiff and all others similarly situated are entitled to equitable tolling of the statute of limitations extending the limitations period beyond the two as well as beyond the three years permitted under the FLSA due to Defendants' intentional, willful and gross misconduct in utilizing their business and deceitful practices to circumvent their obligations under the FLSA and the Internal Revenue Code.

## COLLECTIVE ACTION ALLEGATIONS

78. Plaintiff realleges and incorporates herein all previous paragraphs.

79. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants, and 2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

80. With respect to Count I, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

81. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

82. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over one hundred (100) individuals.

83. The class of individuals spans all employees who worked for Defendants.

84. As such, the class of similarly situated Class Members are properly defined as follows:

    *Current and former employees of Vitale's Pizzeria of Hudsonville, LLC, and Maurizio LoGiudice who were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek.*

    Plaintiffs reserve the right to amend this definition as necessary.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
## FAILURE TO PAY STATUTORY OVERTIME WAGE

85. Plaintiff realleges and incorporates herein all previous paragraphs.

86. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

87. At all relevant times, Plaintiff and Class members were "employee[s]" of Defendants as the term is defined under the FLSA.

88. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

89. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

90. By failing to compensate Plaintiff and Class Members a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a). Plaintiff is a victim of a uniform and company-wide enterprise which operates to not compensate employees one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

> This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendants.

91. Defendants' violations of the FLSA were knowing and willful.

92. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §206(a)(1), § 207(a)(1) and § 215(a).

93. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

94. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I;

B. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

C. Designation of Named Plaintiffs as Representatives of the Class Members;

D. Designation of Plaintiff's counsel as Class counsel;

E. Declaring Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Count I;

F.     Declaring Defendants violated its obligations under the FLSA;

G.     Granting judgment in favor of Plaintiff and Class Members and against Defendant on the FLSA claim as set forth in Count I and awarding each the amount of his/her unpaid wages, along with an equal amount as liquidated damages;

H.     Grant Plaintiff and Class Members equitable tolling of the statute of limitation beyond the (2) two as well as beyond the three (3) years as prescribed by the statute;

I.     Awarding Plaintiffs and Class Members the costs of this action;

J.     Awarding Plaintiffs and Class Members reasonable attorneys' fees pursuant to the FLSA;

K.     Awarding Plaintiffs and Class Members pre- and post-judgment interest on their damages;

L.     Defendant pay prejudgment interest to Plaintiffs and Class Members on these damages;

M.     The Court grant such other and further relief as the Court may deem just or equitable.

## JURY DEMAND

NOW COMES Plaintiff, by and through their attorney, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 19, 2018                         Respectfully Submitted,

                                                 */s/   Robert Anthony Alvarez*          .
                                                 Robert Anthony Alvarez (P66954)
                                                 Attorney for Plaintiff
                                                 Avanti Law Group. PLLC