## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MONICA COLLIER,**

    Plaintiff,

v.

**VITALE'S PIZZERIA OF HUDSONVILLE, LLC,
Et. Al.**,

    Defendants.

Case No. 18-CV-804
Hon. JANET T. NEFF

| | |
|---|---|
| Robert Anthony Alvarez (P66954) | Eric Matwiejczyk (P46222) |
| Agustin Henriquez (P79589) | **Law Offices of Duff, Chadwick and Associates** |
| **Avanti Law Group, PLLC** | Attorney for Defendants |
| Attorneys for Plaintiff | 220 W Main St |
| 600 28th St. SW | Ionia, MI 48846 |
| Wyoming, MI 49509 | (616) 527-0020 |
| (616) 257-6807 | ericm@duffchadwickpc.com |
| ralvarez@avantilaw.com | |

### EXPEDITED CONSIDERATION REQUESTED

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE AND CORRECTIVE ORDER

NOW COMES the Plaintiff Monica Collier, by and through her attorneys at Avanti Law Group, PLLC, and for her Brief in Support of Plaintiff's Motion for a Protective and Corrective Order states as follows.

### INTRODUCTION

This is a collective/class action lawsuit against Defendants Vitale's Pizzeria of Hudsonville, LLC, ("Vitale's Hudsonville"), Maurizo LoGiudice ("LoGiudice"), and Mandy Tithof ("Tithof") for violation of the overtime provision of the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* ("FLSA"). Defendants operate an Italian restaurant and Plaintiff, and the class she seeks to represent, worked for Defendants at that restaurant. Defendants would only issue a check for the first forty (40) hours worked and administer the rest of the pay, if the employee worked more than forty (40) hours, in cash. Plaintiff and others similarly situated were only paid straight time for hours worked after forty (40).

Since the commencement of the instant case, Defendants have repeatedly communicated with putative Plaintiffs and Class members alike designed to intimidate, mislead, coerce, and prejudice the putative plaintiffs and Class members. As will be further explained below, Defendants' communications with putative plaintiffs and Class members were blatant attempts to coerce or threaten them into not pursuing their rights under the FLSA in this matter and thus undermining it entirely. Plaintiff hereby request that the Court enter a protective order to stop these inappropriate communications from continuing and order a corrective notice be sent to the class members.

## STATEMENT OF FACTS

Plaintiff was an employee of Defendant Vitale's Hudsonville from July 27, 2011 to October of 2017. *Exhibit A, The Affidavit of Monica Collier, ¶3.* While she worked for the Defendants, she worked alongside one Brianna Kloostra ("Kloostra"). *Id, ¶7.* Plaintiff and Kloostra had spoken at times to discuss the problems and potential FLSA violations of the Defendants often, as they had similar experiences with the potential FLSA violations. *Id., ¶8.* Plaintiff eventually obtained legal representation and filed the instant the case on July 19, 2018. (ECF No. 1). Kloostra was prepared to join the case as a plaintiff, and even went as far as signing an affidavit of her own detailing the FLSA violations of the Defendants. *Exhibit B, Affidavit of*

*Brianna Kloostra*. Recently, Plaintiff approached Kloostra about signing her Consent to Sue form and formally becoming an opt-in plaintiff in the instant case, but Kloostra stated that she now had second thoughts about pursuing her claims and had been influenced by actions of the Defendants. *Id.* ¶ 11-12. Kloostra was being harassed by a current employee to Defendants, Catherine Duco, who was acting on behalf of and relaying messages from Defendant Tithof. *Id.* ¶ 12. Defendant Tithof, via Duco, threatened Kloostra that "bad things" will befall anyone who joins Plaintiff in the instant case, ostensibly applying to Kloostra as well. *Id.,* ¶13. Specifically, Catherine Duco texted Kloostra and informed her that Defendant Tithof wanted Kloostra to know that if she were to join the instant case, she would be subject to a harassment lawsuit. *Id.,* ¶ 14. These threats seem to not only be targeted at Kloostra, but for any other putative plaintiff or Class member that would want to get involved. *Id.,* ¶ 15. As a result of these threats, Kloostra informed Plaintiff that she no longer felt comfortable pursuing her right to her unpaid overtime wages and will most likely not join in on the instant case. *Id.,* ¶ 16.

It seems Kloostra is not the only one that Defendants or agents of the Defendants have tried to discourage from joining the instant case. Opt-in Stephen Saganski ("Saganski") also worked for the Defendants, from the time between August 2015 to April 2017. *Exhibit C, the Affidavit of Stephen Saganski*, ¶ 3-4. Saganski has expressed joining the lawsuit and signed his Consent to Sue on July 15, 2018. *Exhibit D, Consent to Sue*. On August 10, 2018, Saganski received a phone call from a person purporting to be Anthony Vitale. *Affidavit of Saganski*, ¶ 8-10. Anthony Vitale was one of the supervisors of Saganski and is the son of Giovanna LoGiudice, who is the wife of Defendant LoGiudice. *Id.,* ¶6-7. During this phone call, Anthony Vitale wanted to meet up and talk, and eventually told Saganski that the instant case is without

merit and the Plaintiff's counsel was only trying to make money and ultimately wanted Defendant LoGiudice to go to jail. *Id.,* ¶ 12-16. Anthony Vitale erroneously told Saganski that with attorney fees and taxes, he would not get much money and it was better to privately settle these claims outside of court with him. *Id.,*¶ 18. After getting off the phone with Anthony Vitale, Saganski was then contacted on Facebook messenger by Giovanna LoGiudice, who also asked to meet up and talk. *Id.,* ¶20-21. Saganski did not respond to the message and immediately deleted it. *Id.,* ¶ 22. Upon hearing about these inappropriate contacts, Plaintiff's counsel reached out to Defendants' counsel concerning the unauthorized comments. *Exhibit E, Counsel Correspondences August 10.* Plaintiff's counsel informed Defendants' counsel of the unauthorized comments and contacts and informed Defendants' counsel that if Defendants did not cease and desist from contacting putative Class members he would be filing the instant Motion. *Id.* Defendants' counsel failed to respond which leads to the filing of the instant Motion.

## LEGAL ANALYSIS AND ARGUMENT

Under the Federal Rule of Civil Procedure 23(c)(2)(B), the district court "must direct to class members the best notice that is practicable under the circumstances" in order to safeguard putative Class members from unauthorized, harmful communication. Any order that limits communication between parties and putative Class members "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101, 101 S. Ct. 2193, 2200, 68 L. Ed. 2d 693 (1981). The Supreme Court extended this policy to collective actions brought under the FLSA, 29 U.S.C. § 216(b) as well as the observation that the district court has the responsibility to ensure and facilitate notice to potential class members holding that

"once an [FLSA] action is filed, the court has a managerial responsibility to oversee the joinder of the additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-LaRoche, Inc., v. Sperling,* 493 U.S. 165, 170-71 (1989).

Here, it is clear that Defendants are using coercive means to intimidate or threaten putative plaintiff and Class members by having unauthorized contact with them and spreading falsehoods meant to deter them from asserting their claim to unpaid wages. Defendants have so far successfully persuaded Kloostra from backing off from joining the lawsuit when she fully intended to join but for the threat from Defendant Tithof that "bad things" will befall anyone who joins in the instant case. If the instant motion is not granted, there is no telling how many other putative Class members or plaintiffs would be successfully intimidated or persuaded against due to erroneous statements in not seeking to join the lawsuit. Anthony Vitale, current employee and relative to Defendants, has purportedly reached out to Saganski and told him that Plaintiff's counsel will take all of the proceeds of any damages won and only seek to put Defendant LoGiudice in jail. It is clear that Plaintiff's counsel will not collect ALL proceeds of any damages sought and won and it is further clear that the instant case is a civil action, not a criminal one. It is also noted that Defendants have represented to Kloostra that anyone who joins the instant case may be subject to harassment litigation, even though a non-frivolous lawsuit like the instant case can not be used as prima facie evidence of harassment. These falsehoods and threats of adverse action against potential Class members are coercive and meant to undermine the underlying action.

Also, the communications proferred by Defendants mislead putative class members about their remedies, as they have represented that Plaintiff and Class members will not be receiving

any damages from the instant case in the event that Court finds in favor of the Plaintiff. It is a policy of Fed. R. Civ. P. 23 to protect class members from communications that misrepresent their available remedies. *In re Sch. Asbestos Litig.,* 842 F.2d 671, 683 (3rd Cir. 1991). Further, if Defendants' conduct is not restrained or corrected, otherwise would-be plaintiff or class members, like Kloostra, would be prejudiced as to her possible damage because, unlike Rule 23 class actions, FLSA collective action under § 216(b) does not toll the running of the applicable statute of limitations. 29 U.S.C. § 256(b). As such, time is of the essence that these potential Class members should not delay in pursuing any action for unpaid wages as they can, and these coercive and unauthorized contacts that Defendants have conducted will not impede potential Class members from pursuing their causes of action. This Court must prevent Defendants from employing this nefarious strategy meant to discourage or intimidate Class members in pursuing their claims as each day they delay can result in damages being barred by the statute of limitations, thereby prejudicing the would-be Class member. Therefore, as a result of Defendants' coercive, misleading, and prejudicial communications, The Court should enter a Protective Order prohibiting Defendants' from contacting putative Class members until after class certification is either granted or denied and if granted, after the notice period has ended.

## CONCLUSION

Defendants' unauthorized contact with the putative plaintiff and Class members represents a clear undermining of the authority of this Court and impedes its ability to ensure that potential class members have the best notice practicable. Defendants' comments were misleading, coercive, and highly prejudicial to the putative class members. Therefore, requests this Court the following: (1) enter a Protective Order prohibiting further unauthorize contact and

communications by Defendants with the putative Class members until there is a determination and notice period of conditional class certification has elapsed; and (2) enter a Corrective Notice to the putative Class members regarding any erroneous and misleading comments Defendants have already made.

Respectfully Submitted,

Dated: August 30, 2018

/s/   Robert Anthony Alvarez            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com