## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

**MONICA COLLIER**, an individual, and
on behalf of all others similarly situated,

                Plaintiff,

v

**VITALE'S PIZZERIA OF HUDSONVILLE,
LLC, MAURIZIO LOGIUDICE**, an individual,
and **MANDY TITHOF**, an individual, jointly
and severally,

                Defendants.

Case No. 1:18-cv-00804

Hon. Janet T. Neff

---

| | |
|---|---|
| Robert Anthony Alvarez (P66954) | Eric E. Matwiejczyk (P46222) |
| Agustin Henriquez (P79589) | LAW OFFICES OF DUFF, CHADWICK & |
| AVANTI LAW GROUP, PLLC |    ASSOCIATES PC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 600 28th Street SW | 220 W. Main Street |
| Wyoming, Michigan 49509 | Ionia, Michigan 48846 |
| (616) 257-6807 | (616) 527-0020 |
| ralvarez@avantilaw.com | ericm@duffchadwickpc.com |

---

## DEFENDANTS' ANSWER
## AND AFFIRMATIVE DEFENSES

---

Defendants Vitale's Pizzeria of Hudsonville, LLC ("Vitale's"), Maurizio LoGiudice ("Maurizio"), and Mandy Tithof ("Mandy"), by and through their attorneys, Duff, Chadwick & Associates PC, state in response to Plaintiff's Collective Action Complaint as follows:

1. This is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), who worked for Defendants during the last three years or more, performing general labor in the State of Michigan. Plaintiffs complain

that Defendants failed to pay them the overtime compensation to which they were entitled under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

> *ANSWER:* Denied as untrue that Defendants failed to pay overtime compensation in compliance with all local, state, and federal laws, including but not limited to the Fair Labor Standards Act ("FLSA") or that Plaintiff or others are entitled to relief. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and leave Plaintiff to her proofs.

2.  Named Plaintiff is similarly situated with all employees who worked or are working for Defendants and were paid on straight time for all hours over forty (40).

> *ANSWER:* Denied as untrue.

3.  Defendants violated the FLSA by failing to pay its employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires that non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

> *ANSWER:* Denied as untrue that Defendants failed to pay overtime compensation in compliance with all local, state, and federal laws, including but not limited to the FLSA or that Plaintiff or others are entitled to relief. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and leave Plaintiff to her proofs.

4.  Named Plaintiff is an employee who is entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated and other compensation that is prescribed by law.

*ANSWER:* Denied as untrue that Defendants failed to pay overtime compensation in compliance with all local, state, and federal laws, including but not limited to the FLSA or that Plaintiff or others are entitled to relief.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and leave Plaintiff to her proofs.

5.   Plaintiff seeks a declaration that her rights, and those of the others similarly situated, have been violated, an award of unpaid wages, an award of liquidated damages, and an award of attorney fees and costs to make her whole for damages they have suffered. At the earliest time possible, Plaintiff seeks permission to send a Court-authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members, as defined below.

*ANSWER:* Denied as untrue that Defendants failed to pay overtime compensation in compliance with all local, state, and federal laws, including but not limited to the FLSA or that Plaintiff or others are entitled to relief.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and leave Plaintiff to her proofs.

6.   Defendants, likewise, have not and do not pay the overtime rate to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover unpaid overtime compensation owed to herself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

*ANSWER:* Denied as untrue that Defendants failed to pay overtime compensation in compliance with all local, state, and federal laws, including but not limited to the FLSA or that Plaintiff or others are entitled to relief.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and leave Plaintiff to her proofs.

## PARTIES
### *Plaintiff Monica Collier*

7.   Plaintiff Monica Collier is a resident of the County of Ottawa, state of Michigan, whose consent to sue is attached hereto as Exhibit A.

***ANSWER:*** Admitted that a form titled "Consent to Sue" was attached to Plaintiff's Complaint as Exhibit A.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and leave Plaintiff to her proofs.

8.   Named Plaintiff brings this action on behalf of all current and former persons who were, are, or will be employed by Defendants throughout the state of Michigan at any time within at least, but not limited to, the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive the minimum wage for all hours worked and/or overtime compensation, or other proper wages due.

***ANSWER:*** Denied as untrue.

### *Defendant Vitale's Pizzeria of Hudsonville, LLC*

9.   Defendant Vitale's Pizzeria of Hudsonville, LLC, (hereinafter referred to as "Vitale's") is a Michigan Corporation whose principal place of business is located at 5779 Balsam Dr., Hudsonville, Michigan 49426. *Exhibit B, LARA Entity Search.*

***ANSWER:*** Admitted that Vitale's principal place of business is located at 5779 Balsam Dr., Hudsonville, Michigan 49426.  Denied as untrue that Vitale's is a Michigan corporation.  Vitale's is a Michigan limited liability company.

4

10. Upon information or belief Defendant Maurizio LoGiudice (hereinafter referred to as "Maurizio") has owned and operated Defendant Vitale's since at least 2002.

*ANSWER:* Admitted that Maurizio has owned and operated Vitale's since 2009.  Denied as untrue all other allegations contained in Plaintiff's allegation 10.

11. Defendant Vitale's is an italian (sic) restaurant serving pizza, pasta, and other such italian cuisine.

*ANSWER:* Admitted.

### *Defendant Maurizio LoGiudice*

12. Defendant Maurizio is the owner of Defendant Vitale's, and is responsible for the day to day operations of Defendant Vitale's.

*ANSWER:* Admitted that Maurizio is the owner of Vitale's and is responsible, along with other individuals, for the day to day operations of Vitale's.  Denied as untrue that Maurizio is solely responsible for the day to day operations.

13. Defendant Maurizio was one of the direct supervisors of Plaintiff throughout her employment with Defendants.

*ANSWER:* Admitted that Maurizio supervised Plaintiff's supervisor but not Plaintiff directly.  Denied as untrue all other allegations contained in Plaintiff's allegation 13.

14. Defendant Maurizio was and is responsible for the hiring, disciplining, and termination of employees.

*ANSWER:* Admitted that Maurizio, along with other individuals, has been responsible for hiring, discipling, and terminating certain employees.  Denied as untrue all other allegations contained in Plaintiff's allegation 14.

15. Defendant Maurizio set the wage rates for the Plaintiff and others similarly situated.

*ANSWER:* Admitted that Maurizio, along with other individuals, has set wage rates for certain employees.  Denied as untrue all other allegations contained in Plaintiff's allegation 15.

16. Defendant Maurizio made decisions regarding how and when Plaintiff and others similarly situated were compensated including whether or not to pay the required overtime premium for all hours worked over forty (40) hours per week.

*ANSWER:* Admitted that Maurizio, along with other individuals, made decisions regarding how and when certain employees were compensated.  Denied as untrue all other allegations contained in Plaintiff's allegation 16.

17. Defendant Maurizio supervised Plaintiff and others similarly situated.

*ANSWER:* Admitted that Maurizio supervised Plaintiff's supervisor but not Plaintiff directly.  Denied as untrue all other allegations contained in Plaintiff's allegation 17.

18. Defendant Maurizio gave instructions and direction to the Plaintiff as well as others similarly situated.

*ANSWER:* Admitted.

19. Defendant Maurizio would give the employees payment in cash for hours worked over forty (40) in a work week.

*ANSWER:* Denied as untrue.

### *Defendant Mandy Tithof*

20. Defendant Mandy Tithof (hereinafter referred to as "Mandy") is the general manager of Defendant Vitale's. Mandy was responsible for payroll, maintaining record of hours worked, and calculating cash payments to Plaintiff and Class Members.

*ANSWER:* Admitted that Mandy is the general manager of Vitale's and is responsible for

payroll, maintaining records of hours worked, and calculating tip outs to Plaintiff and other

employees.  Denied as untrue any further allegations contained in Plaintiff's allegation 20.

21. Defendant Mandy was also Plaintiff's supervisor for her duration as an employee.

*ANSWER:* Admitted.

22. Defendant Mandy was in charge of paying the employees.

*ANSWER:* Denied as untrue.

23. Defendant Mandy would give the employees payment in cash for hours worked over

forty (40) in a work week.

*ANSWER:* Denied as untrue.

24. Defendant Mandy would pay Plaintiff and other similarly situated by check for hours

worked under forty (40) and cash for hours worked over forty (40).

*ANSWER:* Denied as untrue.

25. Defendant Mandy has access to the POS system used by Defendant Vitale's, has the

authority to make changes or deletions to time entries, and did make changes or deletions to

Plaintiffs' time entries.

*ANSWER:* Admitted that Mandy has access to the POS system used by Vitale's and has

the authority to make changes to time entries.  Denied as untrue all other allegations

contained in Plaintiff's allegation 25.

26. Defendant Mandy had authority to set Plaintiff's schedule.

*ANSWER:* Admitted.

27. Defendant Mandy had authority over schedules for other similarly situated employees.

**ANSWER:** Admitted that Mandy had authority over schedules for some employees of Vitale's. Denied as untrue all other allegations contained in Plaintiff's allegation 27.

## COVERAGE

28. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

**ANSWER:** Plaintiff's allegation 28 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

29. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

**ANSWER:** Plaintiff's allegation 29 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

30. At all material times, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

**ANSWER:** Plaintiff's allegation 30 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

31. Plaintiff was engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

*ANSWER:* Plaintiff's allegation 31 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

32. Defendant Vitale's ordered food, supplies, and equipment from vendors located out of state.

*ANSWER:* Admitted that Vitale's currently orders cheese from out of state. Denied as untrue that Vitale's ordered food, supplies, or equipment from vendors located out of state at the time of the allegations contained in this complaint occurred.

33. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

*ANSWER:* Plaintiff's allegation 33 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

34. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

***ANSWER:*** Plaintiff's allegation 34 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

35. Defendants provided training to Plaintiff and Class Members, controlled and had knowledge of the hours to be worked by Plaintiff and Class Members, directed the work of Plaintiff and Class Members and set the compensation received by each.

***ANSWER:*** Admitted that Defendant provided training to Plaintiff and other employees, controlled and had knowledge of the hours to be worked by Plaintiff and other employees, directed the work of Plaintiff and other employees, and set the compensation received by Plaintiff and other employees. Denied as untrue that Plaintiff or other employees qualify as class members.

## JURISDICTION AND VENUE

36. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

***ANSWER:*** Plaintiff's allegation 36 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

37. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

***ANSWER:*** Admitted that Vitale's is a limited liability company organized in the State of Michigan with its principal place of business located in Grand Rapids, Michigan, within

the United States Judicial District of the Western District of Michigan. Denied as untrue all other allegations contained in Plaintiff's paragraph 37.

38. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

*ANSWER:* Admitted upon information and belief. Denied as untrue that Plaintiff or any other employees are entitled to relief.

## GENERAL ALLEGATIONS

39. Plaintiff worked for Defendants Vitale's Pizzeria of Hudsonville, Maurizio LoGiudice, and Mandy Tithof from July 2011 until October 2017.

*ANSWER:* Admitted that Plaintiff worked for Vitale's from July 2011 until October 2017. Denied as untrue all other allegations contained in Plaintiff's allegation 39.

40. Plaintiff stopped working for Defendants on or around October 2017.

*ANSWER:* Admitted that Plaintiff stopped working for Vitale's on or around October 2017. Denied as untrue all other allegations contained in Plaintiff's allegation 40.

41. Plaintiff was hired by Defendant Mandy on or around July 2011 as a server.

*ANSWER:* Admitted that Plaintiff was hired by Vitale's on or around July 2011 as a server. Denied as untrue all other allegations contained in Plaintiff's allegation 41.

42. Throughout her employment, Plaintiff had many duties that included but were not limited to waiting tables, running food, taking orders, making drinks, serving customers, cashiering, making sure customers were satisfied, washed dishes, and completed other duties when assistance was needed.

*ANSWER:* Admitted. Denied as untrue that Plaintiff performed such duties satisfactorily.

43. Plaintiff was employed to perform general labor in the restaurant for the Defendants.

11

**ANSWER:** Admitted that Plaintiff was employed to perform general labor in the restaurant for Vitale's. Denied as untrue all other allegations contained in Plaintiff's allegation 43.

44. Plaintiff was typically scheduled for an average of sixty three (63) hours per week, not including shifts that she was called in for.

**ANSWER:** Denied as untrue.

45. Plaintiff was usually called in to work for an additional shift or two per work week.

**ANSWER:** Denied as untrue.

46. At the beginning of her employment, Plaintiff was to be compensated at a rate of $5 per hour.

**ANSWER:** Denied as untrue.

47. At the end of her employment, Plaintiff was being compensated at a rate of $15 per hour.

**ANSWER:** Denied as untrue.

48. Plaintiff and others similarly situated would be paid straight time for hours worked over forty (40) hours per work week via cash.

**ANSWER:** Denied as untrue.

49. Plaintiff Monica was never paid an overtime premium for any hours in excess of forty (40) hours worked in a work week.

**ANSWER:** Denied as untrue.

50. Other similarly situated workers were also only paid straight time for all hours worked.

**ANSWER:** Denied as untrue.

51. Neither Plaintiff nor others similarly situated, were paid an overtime rate of time and one-half of their regular rate for any hours worked in excess of (40) forty hours in a work week during their employment.

*ANSWER:* Denied as untrue.

52. Defendant Maurizio told Plaintiff and other workers that he does not pay an overtime premium for any hours worked in excess of forty (40) hours per week.

*ANSWER:* Denied as untrue.

53. Defendant Maurizio told Plaintiff that he did not pay overtime because Defendant Vitale's was a small business.

*ANSWER:* Denied as untrue.

54. Defendants Maurizio and Mandy were and are responsible for the day to day operation of Defendant Vitale's and were directly involved in the decisions regarding the recruitment, hiring, work duties, scheduling and compensation of Plaintiff and others similarly situated.

*ANSWER:* Admitted that Defendants Maurizio and Mandy, together and along with others, were and are responsible for various activities with respect to the day to day operation of Vitale's of Hudsonville. Denied as untrue that any individual was responsible for all of those activities with respect to Plaintiff or any other employee. Further denied as untrue all other allegations contained in Plaintiff's allegation 54.

55. Defendant Maurizio was and is responsible for the implementation and enforcement of company wide policies and practices.

*ANSWER:* Admitted that Defendant Muairizio, together with others, was and is responsible for various activities with respect to the management of Vitale's of Hudsonville, including but not limited to the implementation and enforcement of company

wide policies and practices.  Denied as untrue that any individual was responsible for all of those activities.  Further denied as untrue all other allegations contained in Plaintiff's allegation 55.

56. Defendants Maurizio and Mandy would issue the workers their payroll checks and pay them in cash.

*ANSWER:* Denied as untrue.

57. Defendant Mandy transferred hours from the POS system to the payroll provider.

*ANSWER:* Admitted.

58. Upon information and belief Mandy reported only forty (40) hours to Defendant Vitale's payroll.

*ANSWER:* Denied as untrue.

59. During the period of the parties' employment relationship, Defendants failed to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

*ANSWER:* Denied as untrue.

60. It was and is Defendants' company wide policy and practice not to compensate Plaintiff, and those similarly situated, time and one half for all hours worked over forty (40) in a single workweek.

*ANSWER:* Denied as untrue.

61. As a result of Defendants' company wide employment policy, Plaintiff and others similarly situated were not compensated for all hours worked at the appropriate rate per workweek during their period of employment.

*ANSWER:* Denied as untrue.

62. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

> **ANSWER:** Plaintiff's allegation 62 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

63. Defendants did not compensate the Plaintiff at a rate of one and one-half times her regular hourly rate for time worked over forty (40) hours per week as required by the FLSA.

> **ANSWER:** Denied as untrue.

64. Defendants failed to deduct any withholdings from the cash payments made to the Plaintiff and others similarly situated for the overtime hours recorded.

> **ANSWER:** Denied as untrue.

65. Defendants failed to pay any of the employer obligated withholdings to the IRS for the cash payments made to the Plaintiff and others similarly situated for the overtime hours.

> **ANSWER:** Denied as untrue.

66. The above allegations apply equally to the Class Members.

> **ANSWER:** Denied as untrue.

## WILLFUL VIOLATIONS OF THE FLSA IN SUPPORT OF TOLLING BEYOND THE TWO (2) AND THREE (3) YEAR STATUTE OF LIMITATIONS

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and class members at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants

knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff and class members.

*ANSWER:* Denied as untrue.

68. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

*ANSWER:* Denied as untrue.

69. Defendants Maurizio told their employees that they do not pay an overtime premium for any hours worked in excess of forty (40) per week.

*ANSWER:* Denied as untrue.

70. Defendants would pay Plaintiff and others similarly situated cash for hours worked over forty (40) hours per work week.

*ANSWER:* Denied as untrue.

71. Defendants utilized their business and the practice of paying their employees in cash for those overtime hours to subvert their obligations under state and federal law including their obligations to pay income tax withholdings.

*ANSWER:* Denied as untrue.

72. Defendants knew or should have known that the company wide policy and practice was in violation of the FLSA.

*ANSWER:* Denied as untrue.

73. Defendants actively misled Plaintiff and others similarly situated as to their right to receive overtime pay as required under the FLSA throughout their employment.

*ANSWER:* Denied as untrue.

74. Defendants actively misrepresented to Plaintiff and others similarly that they were not entitled to receive overtime pay as required under the FLSA.

*ANSWER:* Denied as untrue.

75. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, employees are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

> *ANSWER:* Plaintiff's allegation 75 states a legal conclusion to which no response is
> required.  To the extent an answer is required, Defendants lack knowledge or information
> sufficient to form a belief as to the truth of the allegations contained in this paragraph and
> leave Plaintiff to her proofs.

76. Equitable tolling is read into every federal statute including the FLSA. *Holmberg v. Armbrecht,* 327 U.S. 392, 397.

> *ANSWER:* Plaintiff's allegation 76 states a legal conclusion to which no response is
> required.  To the extent an answer is required, Defendants lack knowledge or information
> sufficient to form a belief as to the truth of the allegations contained in this paragraph and
> leave Plaintiff to her proofs.

77. Plaintiff and all others similarly situated are entitled to equitable tolling of the statute of limitations extending the limitations period beyond the two as well as beyond the three years permitted under the FLSA due to Defendants' intentional, willful and gross misconduct in utilizing their business and deceitful practices to circumvent their obligations under the FLSA and the Internal Revenue Code.

*ANSWER:* Denied as untrue.

## COLLECTIVE ACTION ALLEGATIONS

78. Plaintiff realleges and incorporates herein all previous paragraphs.

**ANSWER:** Defendants incorporate fully by reference and reallege all of the foregoing responses.

79. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants, and 2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs. Denied as untrue that Plaintiff or any other employees are entitled to relief.

80. With respect to Count I, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

**ANSWER:** Denied as untrue.

81. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

**ANSWER:** Denied as untrue.

82. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over one hundred (100) individuals.

**ANSWER:** Denied as untrue.

83. The class of individuals spans all employees who worked for Defendants.

*ANSWER:* Denied as untrue.

84. As such, the class of similarly situated Class Members are properly defined as follows:

> *Current and former employees of Vitale's Pizzeria of Hudsonville,*
> *LLC, and Maurizio LoGiudice who were not paid time-and-a-half for*
> *hours worked in excess of 40 hours during a workweek.*

Plaintiffs reserve the right to amend this definition as necessary.

*ANSWER:* Denied as untrue.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
## FAILURE TO PAY STATUTORY OVERTIME WAGE

85. Plaintiff realleges and incorporates herein all previous paragraphs.

*ANSWER:* Defendants incorporate fully by reference and reallege all of the foregoing responses.

86. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

*ANSWER:* Plaintiff's allegation 86 states a legal conclusion to which no response is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

87. At all relevant times, Plaintiff and Class members were "employee[s]" of Defendants as the term is defined under the FLSA.

*ANSWER:* Plaintiff's allegation 87 states a legal conclusion to which no response is required.  To the extent an answer is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

88. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

> **ANSWER:** Plaintiff's allegation 88 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

89. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

> **ANSWER:** Plaintiff's allegation 89 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

90. By failing to compensate Plaintiff and Class Members a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a). Plaintiff is a victim of a uniform and company-wide enterprise which operates to not compensate employees one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendants.

*ANSWER:* Denied as untrue.

91. Defendants' violations of the FLSA were knowing and willful.

*ANSWER:* Denied as untrue.

92. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §206(a)(1), § 207(a)(1) and § 215(a).

*ANSWER:* Denied as untrue.

93. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

> *ANSWER:* Plaintiff's allegation 93 states a legal conclusion to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave Plaintiff to her proofs.

94. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

*ANSWER:* Denied as untrue.

## GENERAL DENIAL

Defendants deny all factual allegations contained in Plaintiff's Complaint not expressly admitted in their Answer above.

## **RELIEF REQUESTED**

WHEREFORE, Defendants request this Court to dismiss Plaintiff's Complaint with prejudice and grant Defendants their costs, interest, and attorney's fees in defending this action along with any other relief this Court deems just.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff may have failed to state a claim upon which relief can be granted.

2. Plaintiff fails to satisfy the requirements for a collective action.

3. There are no parties similarly situated with Plaintiff with respect to this action.

4. Plaintiff and/or similarly situated employees may be exempt under the FLSA.

5. Plaintiff has unclean hands.

6. Plaintiff's claims are barred in whole or part because such claims are a direct result of Plaintiff's own actions.

7. Plaintiff may have failed to mitigate her damages, if any.

8. Plaintiff has intentionally overstated her hours worked and has otherwise falsified such hours.

9. One or more Defendant may not meet the definition of employer under the FLSA.

10. Defendants at all times acted in good faith.

11. Any alleged statutory violations were not intentional.

12. The claims made by Plaintiff and members of the alleged class on whose behalf she purports to sue are precluded, as the alleged conduct would have affected only Plaintiff.

13. Any purported class cannot be certified under the Federal Rule of Civil Procedure 23 because the purported class, class representatives, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

14. Any collective class under the FLSA, as alleged in Plaintiff's Complaint, is not appropriate because §216(b) of the FLSA expressly requires putative collective action members to opt-in affirmatively to the action, which has not been done.

15. Plaintiff has accepted one or more payments, which are subject to accord, satisfaction, or offset against any purported claims herein.

16. Plaintiff, through her conduct and actions, is estopped from asserting some or all of her claims against Defendants.

17. Defendants reserve the right to amend these affirmative defenses at any time and as more become apparent through discovery or otherwise.

Respectfully submitted,

DUFF, CHADWICK & ASSOCIATES PC

Dated: 9/13/18

By: _____
Eric E. Matwiejczyk (P46222)
Attorneys for Defendants

23