UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MONICA COLLIER,** an individual,
and on behalf of all others similarly situated,
    Plaintiff,

v.

**VITALE'S PIZZERIA OF HUDSONVILLE, LLC,**
et al., jointly and severally,
    Defendants.

Case No. 18-CV-804
Hon. Ellen S. Carmody

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL, TO EXTEND NOTIFICATION PERIOD, AND FOR SANCTIONS AGAINST DEFENDANTS**

**ORAL ARGUMENT REQUESTED**

NOW COMES the Plaintiff, Monica Collier ("Plaintiff"), by and through her attorneys, Avanti Law Group, PLLC and for her Brief in Support of her Motion to Compel, To Extend Notification Period and Sanctions Against Defendants sets forth as follows:

**INTRODUCTION**

Plaintiff moves for this Court to compel production of a more complete employee list as Ordered by this Court and many other items that were requested for production that was never produced. As a result of conditional class certification being granted, Defendants have proffered a list of employees, which they represent as the complete list of employees stretching back three years who worked over forty (40) hours in a single work week. Plaintiff finds little reason to take Defendants' word for it, considering that Plaintiff, Opt-in Plaintiff, and documents already produced in discovery readily identify at least over twenty (20) other employees who should also have been on that list. Earlier in the litigation, Defendants' former counsel in a pleading and in a

hearing before this Court represented that there were around 510 employees who may have worked for Defendants during the statute of limitations period and could be part of the potential collective class. *ECF No. 24-1,* PageID. 124. Now, with new counsel, this list of thirty-eight (38) names which includes Plaintiff and opt-in instills no confidence that the list proffered is exhaustive or prepared in good faith.

## STATEMENT OF FACTS

### A. Conditional Class Certification

Plaintiff filed the instant claim as a Section 216(b) Collective Action under the FLSA against Defendants Vitale's Pizzeria of Hudsonville, LLC ("Vitale's Hudsonville"), Maurizio LoGiudice ("LoGiudice"), and Mandy Tithof ("Tithof") on July 19, 2018. *ECF No. 1*. Since then, Conditional Certification has been granted which included an Order for Defendants to provide Plaintiff with a spreadsheet containing names, last known address,and dates of employment of each current or former employee of the Defendants who fall within the definition of FLSA class defined as

> All current and former hourly employees of Vitale's Pizzeria of
> Hudsonville, LLC who worked in excess of forty (40) hours during
> a workweek, and were paid in cash for any part of their wages at
> any time after July 19, 2015.

*ECF No. 63,* PageID.454. Pursuant to the Order, Defendants had until January 11, 2019 to provide the spreadsheet to the Plaintiff. *Id.* During the hearing on motion for conditional certification, Defendants' counsel attempted to limit the list of potential opt-ins to those Defendant could identify as having been paid cash at any point during the period in question. The Plaintiff objected, and the Court agreed that it was best for Defendants to simply turn over the complete list of workers that worked over forty (40) hours in a work week during the period

2

of time in question rather than force the Plaintiff to rely solely on Defendants' representations. On January 10, 2019, Defendants turned over a paltry list of thirty-eight (38) individuals including Plaintiff Collier, Opt-In Steven Saganski ("Saganski"), and potential Opt-In Brianna Kloostra ("Kloostra"). *Exhibit A, Email Correspondence with Attached List*. Not only can Plaintiff Collier and Opt-In Saganski identify up to a dozen individuals who should have been included in Defendants' list that were otherwise not included, but the very documents produced by Defendant in response to Plaintiff's discovery requests thus far have revealed **at least twenty-two (22)** more employees who should be on Defendants' list based on their reported number of hours worked. Tellingly, at the Motion Hearing, Defendants at first only wanted to disclose only 12 to 13 employees as potential opt-ins. The Court said that Plaintiff does not have to take Defendants word on who could potentially be a member of the collective action, and after this display of bad faith, Plaintiff is grateful for the Court's understanding of why relying on Defendants' self serving production was unwise. Upon receipt of the list from Defendants, Plaintiff's counsel shared the list with Plaintiff and Opt-In Plaintiff and they instantly identified about fifteen (15) individuals who should be on that list that were conspicuously omitted. *Exhibit B, Affidavit of Monica Collier and Exhibit C, Affidavit of Stephen Saganski*. Indeed, stated in a prior pleading, Defendants indicated that "[s]ince opening in 2009, Vitale's has employed approximately **510 employees**." *ECF No. 24-1,* PageID.124 (emphasis added). Based on the sheer number of employees identified by Defendants' own pleading, the affidavit from the Plaintiff testifying that there are omitted employees based on her own personal knowledge, along with prior misrepresentations from Defendants' counsel concerning the number of possible employees impacted, Plaintiff has no confidence that Defendants proffered the complete and

3

exhaustive list of employees that worked over forty (40) hours per week at any time during the period of time which is the subject of this litigation. Plaintiff now moves to compel production of names and addresses of all potential opt-in plaintiffs.

## LAW & ANALYSIS

### A. Applicable Laws

The Federal Rules of Civil Procedure set a broad discovery standard. Fed. R. Civ. P 26(b)(1) clearly states that "any matter, not privileged, that is relevant to the claim or defense of any party." When an objection to the relevancy of the evidence is raised, the party that is requesting the discovery must show the information is relevant to the claims or the defenses that are being brought. *Allen v. Howmedica Leibinger,* 190 F.R.D. 518, 522 (W.D. Tenn. 1999). This is not a high standard as the courts have routinely held that Rule 26 should be construed liberally and that the information that is being sought does not have to be admissible as evidence. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Schlagehauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Blue Bell Boots, Inc. v. Equal Employment Opportunity Commissio*n, 418 F.2d 355 (6th Cir. 1969)*; Dunn v. Midwestern Indem.,* 88 F.R.D. 191, 194, 30 Fed.R.Serv.2d 539 (1980). Any information that is reasonably calculated to lead to admissible evidence is said to be discoverable and relevant. *Anderson v. Dillard's Inc.,* 251 F.R.D. 307, 309 (W.D, Tenn. 2008). Once that party has met the relatively relaxed standard that is relevancy, then the burden switches to the party refusing to provide discovery who must then show the request is unduly burdensome. *United Oil Co. v. Parts Assocs., Inc.,* 227 F.R.D. 404 at 401 (D.MD.2005).

The Court, in its discretion, may authorize the sending of notice to potential class members in a collective action. *Id.* at 169–70. As such, this motion requests the circulation of a notice of the pendency of this action to other persons pursuant to § 216(b) so they can receive notice of, and exercise, their opt-in rights in this FLSA litigation. Under the FLSA, until a person affirmatively opts in by filing a written consent with the Court, the statute of limitations on his or her FLSA claim continues to run. FLSA plaintiffs make an affirmative and conscious choice to opt in and join the litigation—there are no "silent" FLSA participants whose interests need to be protected by the Court. This is called a "collective action certification for notice purposes." *Comer v. Wal-Mart Stores, Inc.*, 454 F. 3d 544, 546 (6th Cir. 2006). In fact, the U.S Supreme Court has made clear that "**[t]he sole consequence of conditional certification is sending of court-approved written notice t employees...**" giving them the opportunity to decide whether they too would like to pursue any potential claims they may have similar to the Plaintiff. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).

Federal Rule of Civil Procedure 37 outlines failure to cooperate with discovery and sanctions therein. Rule 37 is "flexible, allowing the Court to use as many and as varied sanctions as are necessary to balance the scales of justice." *Rickles, Inc. v. Frances Denney Corps.,* 508 F. Supp. 4, 7 (D. Mass. 1980). As for awarding attorney fees and expenses to Plaintiffs for filing motion's to compel, "[t]he Court will award plaintiffs reasonable attorney's fees and expenses that were incurred in bringing their motion to compel. The award of costs is the norm, rather than the exception." *Martinez v. Blue Star Farms, Inc.,* No. 116CV00681RJJPJG, 2018 WL 1570746, at *7 (W.D. Mich. Mar. 29, 2018) (citing *Eastern Maico Distribs., Inc. v. Maico-Fahrzeugfabrik,*

658 F.2d 944, 948 n.4 (3d Circ. 1981)). There are four factors in which the 6th Circuit analyzes whether sanctions for failure to cooperate in discovery are acceptable:

> The first factor is whether the party's failure to cooperate in discovery is due to the willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154-55 (6th Cir. 1988)).

### B. Incomplete List of Employees

Here, **defying this Court's Order,** Defendants have refused to produce the complete list of potential employees that may have been affected by their unlawful payment policy. Plaintiff anticipates that Defendants will argue that the list was compiled by their complete records of employees who worked over forty (40) hours per week. However, having sole access to both their own time records and the POS timekeeping system, Defendants can alter times in the POS system and Plaintiff's have alleged that they have altered the time records to conceal their illegal payment policy. *ECF No. 1*, PageID. 3 ¶ 25 For an example, Opt-In Stephen Saganski took a picture of the POS system for time he entered for the week of March 12, 2017 to March 18, 2017. *Exhibit D, POS Screenshot*. Clearly, the POS reflects 88.79 hours worked for the week from March 12 to March 18. *Id.* Contrast that from his Time Clock Report, the report represents that Saganski only worked 39.86 hours in that same work week. *Exhibit E, Time Clocks Report*. Yet, the Earnings Record reflects that he was paid forty (40) hours for that same work week. *Exhibit F, Earnings Record.* Defendants' defense, thus far, is that Plaintiff and others like Saganski purposely changed their time entries. This is nonsensical since why would an employee

go to the trouble of changing their time entries to give them LESS hours in a workweek? Indeed, it was in the Defendants' interest to limit the number of hours recorded by the POS system in order to limit the recorded number of overtime hours just as it is now to the Defendants' benefit to limit potential exposure from the instant lawsuit. Corroborating with the notion that Defendants may be dealing in bad faith are the Plaintiff and current Opt-in who, through their declarations, have testified under penalty of perjury of personal knowledge of other coworkers similarly situated who worked over forty (40) hour in a given work week that were not included on the list proffered by Defendants. To add insult to injury, undersigned counsel and his team conducted an exhaustive review of the payroll records already produced by the Defendants and discovered at least twenty-two (22) employees who should have been on Defendants' list but were inexplicably left off of the list. This does not include the possible employees in which Defendants may have altered their time records to reflect an under forty (40) hour workweek despite their having worked more.

When the Court granted Plaintiff's Motion for Conditional Class Certification, it stated that Plaintiff need not take Defendants' word for it when they represent just how many employees should be given notice of the instant suit. The necessity of Plaintiff having to file this motion confirms Plaintiff's fears of Defendants not acting in good faith when tasked with producing a list of potential class members. Plaintiff hereby moves for the Court to compel Defendants to turn over a list of all employees who worked for Defendants during the period of time subject to this litigation so that proper notice can be sent and those who have a valid claim can come forward if they so choose.

### C. <u>Extension of Notification Period and Sanctions</u>

The lack of a class-wide tolling of the statute of limitations in FLSA cases should cause the Court to favor providing notice to other similarly situated persons of their opt-in rights **at the earliest stage of the litigation**. *Hoffmann*, 982 F. Supp. at 262. Failing to provide such prompt notice frustrates the FLSA's broad remedial purposes and its specific grant of collective action rights to employees. *Fisher v. Michigan Bell Telephone Co.*, 665 F. Supp. 2d 819, 828-29 (E.D. Mich. 2009); *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995). Every day that goes by brings a potential opt-in one day closer to having his or her potential claims time barred, and as a result, any delay caused by the Defendants should not penalize or prevent any potential opt-in to have their claims be heard. Along with the Motion to Compel, Plaintiff request this court to extend the notification period and toll the statute of limitations to at least the amount of days it takes from the time Defendants produced an incomplete list until the time Defendants proffer the complete list to the Plaintiff.

Also, sanctions are appropriate in the instant case. Here, Defendants chose to violate a Court Order which already compelled them to "provide to Plaintiff an excel spreadsheet containing the names, last known address, and dates of employment of each current or former employee of Defendants who falls within the definition of FLSA class as set forth in paragraph 6." *ECF No. 63,* PageID. 454. Paragraph 6 defines the FLSA class as those who worked for Defendant Vitale's Hudsonville and "worked in excess of forty (40) hours during a workweek, and were paid in cash for any part of their wages at any time after July 19, 2015." *Id.* Indeed, if a party disobeys a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by

the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). As stated *supra*, when reviewing whether a district court abused its discretion on awarding costs and fees on motions to compel, the Sixth Circuit relies on four factors. As for the first factor, intentionally withholding and/or acting in bad faith in failing to produce the names of all potential opt-in plaintiffs so that they do not get the requisite notice is the definition of bad faith. As for the second factor, potential opt-ins are especially prejudiced as their claims are not tolled during this period and their claims run the risk of becoming time barred. Every day their notice is delayed is one more day of unpaid wages lost. As for the third and fourth, although Defendants were not warned by the Court or threatened with a lesser sanction, the fact that the Court did make clear at the hearing on the motion for conditional certification that Defendants were to turn over all the names of potential class members, Defendants cannot claim ignorance and are most likely intentionally trying to make sure some opt-ins do not receive notice. These actions should warrant sanctions at least as to attorney fees and costs in Plaintiff having had to file this motion in the first place.

Finally, Defendant produced the list on January 10, 2019 claiming that it included a "list of hourly workers that had hours above 40 in a week during proscribed time frame." (*Exhibit A - Email Correspondence with Attached List*). Plaintiff did attempt to resolve this matter prior to bringing this issue before the Court by immediately sending an email to Defendants' counsel on January 10, 2019 raising the very issues complained of herein. *Id*. Defendant's counsel responded equally as immediately confirming that they did comply with the Court order "**to produce a list of employees with over 40 hours**, **which we have done**." *Id.* Defendants then emailed the following day indicating that before Plaintiff filed a "baseless" motion, that our

review of the documents they produced should confirm that they fully complied with this Court's order by producing a "roster entirely consistent with the court order—**producing hourly employees who worked more than 40 hours in a week during the 3-year timeframe**." *(Exhibit G - Email from Ian Northon of January 11).* Plaintiff did just as suggested by the Defendant but unfortunately for Defendants, it was those very records produced which confirmed Plaintiff's allegations as anything but "baseless". Defendants' violation of the Order is egregious enough to warrant sanctions, and conformance to all factors outlined is not required to impose sanctions. *See Grizzly Auto Transp. v. Tran Tech, Inc.,* No. 08-11832, 2009 WL 1803210, at *5 (E.D. Mich. June 19, 2009), *aff'd sub nom, Grizzly Auto Transports v. Tran Tech, Inc.,* No. 08-11832, 2009 WL 2393124 (E.D. Mich. Aug. 4, 2009) (holding that application of two out of four factors "concludes that some degree of sanction is warranted[.]")

## CONCLUSION

Defendants failed to comply with a Court Order to provide Plaintiff with a complete list containing names, last known address, and dates of employment of each current or former employee of the Defendants that worked in excess of forty (40) hours during the subject three year time period. As noted by prior pleadings, statements made by Defendants' own counsel, as well as support from Defendants' own payroll documents and a declaration from Plaintiff, Defendants have in bad faith proffered an incomplete list of only thirty-eight names and left out a number of employees who should have been included, prejudicing potential opt-in employees and defeating the very purpose of conditional certification. Therefore, Plaintiff requests this Honorable Court to compel Defendants to produce a list of all former and current employees, to

extend the notification period to adjust for the days lost litigating this Motion, and to impose Sanctions to Defendants and their counsel for their egregious violation of the Order.


Dated: January 23, 2019                                     Respectfully Submitted,

*/s/   Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC